**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID E. A. UKESONE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:18-cv-01576 |
| vs. | ) | |
| | ) | |
| EMIRATES, A FOREIGN CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO
28 U.S.C. §§ 1330(a) AND 1441(d)**

**NOW COMES** Defendant, EMIRATES AIRLINES ("Emirates"), by and through its attorneys, ADLER MURPHY & McQUILLEN LLP, and hereby removes the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1330(a) and 1441(d), and in support of its Notice of Removal, states:

### I. PROCEDURAL HISTORY

1. Plaintiff commenced this action against Emirates on January 30, 2018 in the Circuit Court of Cook County, Illinois, Case No. 18-L-001036. Plaintiff seeks to hold Emirates liable for personal injuries allegedly sustained during international flight EK 235 from Dubai, United Arab Emirates to Chicago, IL on January 23, 2018. *See* Ex. A, Plaintiff's Complaint.

2. Plaintiff alleges that, after Plaintiff sat in the wrong seat, Emirates flight attendants negligently and without just cause bound Plaintiff's ankles and wrists, placed a gag over his mouth, and restrained him in the rear of the aircraft for eight hours. As a result, Plaintiff claims to have sustained serious physical injuries, severe emotional distress and damages of personal and pecuniary nature. Ex. A, ¶¶ 6-13.

## II. TIMELINESS OF REMOVAL

3. Emirates first became aware of Plaintiff's lawsuit when it was served with Plaintiff's Complaint on February 2, 2018. *See* Ex. B, Affidavit of Susanne Ramsey, ¶ 4. Because Emirates filed its notice of removal within the 30-day time period prescribed by 28 U.S.C. § 1446(b), its removal is timely.

## III. BASIS FOR REMOVAL

4. This Court has original jurisdiction over this action because Emirates is a "foreign state" as contemplated by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603(a) and (b)(1)-(3). The FSIA, which provides the sole means by which courts of the United States can assert jurisdiction over foreign sovereigns, governs this action against Emirates. *Republic of Aus. v. Altmann*, 541 U.S. 677, 699 (2004). As the United States Supreme Court has observed, "[in] view of the potential sensitivity of actions against foreign states and the importance of developing a uniform body of law in this area, the Act guarantees foreign states the right to remove any civil action from a state court to a federal court." *Verlinden B.V. v. Cent. Bank of Nig.*, 461 U.S. 480, 489 (1983) (citing H. R. Rep. No. 94-1487).

5. Pursuant to 28 U.S.C. § 1330(a), "[t]he district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title [] as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title [] or under any applicable international agreement." 28 U.S.C. § 1330(a) (internal citations omitted).

6. Pursuant to 28 U.S.C. § 1441(d), "[a]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title [] may be removed by the foreign

state to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(d) (internal citations omitted).

### IV. EMIRATES IS A FOREIGN STATE ENTITLED TO REMOVE UNDER THE FOREIGN SOVEREIGN IMMUNITIES ACT

7.  In defining "foreign state," the FSIA states, in relevant part, that "[a] 'foreign state' [] includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state," and further defines an "agency or instrumentality of a foreign state" as "any entity (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title [] nor created under the laws of any third country." 28 U.S.C.S. § 1603(a) and (b)(1)-(3). (internal citations omitted).

8.  Emirates is a separate legal entity and is designated as the International Airline of the United Arab Emirates ("UAE"). Ex. B, ¶ 5. *See also* Ex. C, Excerpts from The Emirates Group Annual Report 2015-2016, "Notes to the Consolidated Financial Statements for the year ended 31 March 2016" ("Emirates was incorporated, with limited liability...and is designated as the International Airline of the UAE").[1]

9.  Emirates was incorporated by an Emiri Decree issued by the late H.H. Sheikh Maktoum bin Rashid Al-Maktoum on June 26, 1985 and maintains its principal place of business in Dubai, United Arab Emirates. Ex. B, ¶ 6; Ex. C. ("Emirates is incorporated and domiciled in Dubai, UAE").

---

[1] Available at https://cdn.ek.aero/downloads/ek/pdfs/report/annual_report_2016.pdf (last visited Mar. 1, 2018).

3

10. Emirates is wholly owned by the Investment Corporation of Dubai ("ICD"), which is a political subdivision of the Government of Dubai, UAE. The Chairman of ICD is H.H. Sheikh Mohammed bin Rashid Al Maktoum, who is the Vice President and Prime Minister of the UAE, and the Ruler of Dubai. Ex. B, ¶ 7; Ex. C. ("Emirates…is wholly owned by the Investment Corporation of Dubai, a Government of Dubai Entity"); *See also* Ex. D, Investment Corporation of Dubai Website, "About ICD" ("[ICD], the principal investment arm of the Government of Dubai was established…to consolidate and manage the Government of Dubai's portfolio of commercial companies and investments…for the long-term benefit of the Emirate); [2] *See also* Ex. E, Investment Corporation of Dubai Website, "Board of Directors" (indicating that H.H. Sheikh Mohammed bin Rashid Al Maktoum is Chairman of ICD, Vice President and Prime Minister of the UAE, and Ruler of Dubai).[3]

11. Emirates was created, organized, and exists under the laws of the UAE, and not under the laws of any third country. Ex. B, ¶ 8; Ex. C (Emirates incorporated by Emiri Decree).

12. Emirates is not a citizen of any State of the United States, any of its Territories, the District of Columbia or the Commonwealth of Puerto Rico. Ex. B, ¶ 9.

13. Because Emirates: (1) is a separate legal and corporate entity, (2) is 100% owned by ICD, a political subdivision of the Government of Dubai, UAE, and (3) is not a citizen of the United States or created under the laws of a third country, Emirates is an "agency or instrumentality" of a "foreign state" as contemplated by the Foreign Sovereign Immunities Act in 28 U.S.C. § 1603(a) and (b)(1)-(3).

14. Therefore, Emirates is a "foreign state" within the meaning of 28 U.S.C. §§ 1441(d) and 1330(a) for removal purposes, and Emirates is therefore entitled to remove this

---

[2] Available at https://www.icd.gov.ae/about-icd/ (last visited Mar. 1, 2018).
[3] Available at https://www.icd.gov.ae/about-icd/board-of-directors/ (last visited Mar. 1, 2018).

entire matter from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. *See, e.g., Wolgel v. Mexicana Airlines*, 821 F.2d 442, 443 (7th Cir. 1987) (Mexicana Airlines permitted to remove to federal court based upon the FSIA where it was wholly owned by the government of Mexico); *Leith v. Lufthansa German Airlines*, 793 F. Supp. 808, 810 n.2 (N.D. Ill. 1992) (Lufthansa German Airlines, relying on affidavit in support, qualified as agency or instrumentality of the government of Germany for purposes of 28 U.S.C. § 1603); *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1374, 1378 (5th Cir. 1980) (national airline of Dominican Republic, wholly owned by government, is "undisputedly a 'foreign state' as defined for purposes of the FSIA"); *Shirobokova v. CSA Czech Airlines, Inc.*, 335 F. Supp. 2d 989, 990-91 (D. Minn. 2004) (national airline of the Czech Republic which is majority owned by the government qualifies as an organ under the FSIA).

15. Because this Court is the United States District Court for the district and division embracing the place where the state court action is pending - Cook County, Illinois - it is the appropriate court for removal under 28 U.S.C. §§ 1441(d) and 1446(a).

## V. NOTICE TO ADVERSE PARTIES AND STATE COURT

16. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Emirates will serve a copy of this Notice of Removal on Plaintiff and will file a copy with the Clerk of the Circuit Court of Cook County, Illinois.

## VI. FILINGS FROM STATE COURT DOCKET

17. Pursuant to 28 U.S.C. § 1446(a), the pleadings served upon it prior to the time of the filing of this Notice of Removal, which in this instance is limited to Plaintiff's Summons and Complaint, are attached as "Exhibit A."

**WHEREFORE**, Emirates respectfully requests the above action now pending in the Circuit Court of Cook County, Illinois, be removed to this Court.

Dated: March 2, 2018                                Respectfully Submitted,

                                **EMIRATES AIRLINES**

                                By: /s/     Kurt C. Schlueter          ____
                                    One of Its Attorneys

Mark S. Susina
msusina@amm-law.com
Kurt C. Schlueter
kschlueter@amm-law.com
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, IL 60603
Phone: (312) 345-0700
Fax: (312) 345-9860

## **CERTIFICATE OF SERVICE**

     I certify that on March 2, 2018, I electronically filed the foregoing with the Clerk of the Court using the CMECF system, and that I mailed the foregoing to the counsel of record below by United States Postal Service:

John J. MacInerney
HOFELD AND SCAFFNER
30 N. LaSalle Street, Ste. 3120
Chicago, IL 60602

                                                                 By:    s/ Kurt C. Schlueter_____